UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

P & B PARTITIONS, INC. and RONALD H. BIGLIN, JR., individually,

Defendants.

Civil No. 23-3456 (KMW/EAP)

# CONSENT JUDGMENT

Plaintiff, Keith E. Sonderling, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), has filed his First Amended Complaint and defendants P &B Partitions, Inc. ("P&B"), and Ronald H. Biglin, Jr. (collectively, "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment in full settlement of the claims which have been made or asserted in this action.

1. The Secretary's First Amended Complaint alleges that Defendants willfully violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (the "Act" or "FLSA") by failing to pay their employees the overtime premium required by the Act, and by failing to make, keep, and preserve adequate and accurate records.

2. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

3. Defendants admit that from July 28, 2019, through at least December 31, 2025, they were employers of the employees, including those listed on Exhibit A to the First Amended Complaint, within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

4. Defendants admit that from July 28, 2019, through at least December 31, 2025, they were a covered enterprise under sections 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r), (s), and that the provisions of the Act applied to Defendants.

5. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they may be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

I. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates unless those employees are subject to an exemption under the Act and its regulations.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, any such records of any employees and of the wages, hours, and other conditions and practices of employment, as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(3) Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms and conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

(4) Defendants shall not violate the provisions of section 15(a)(3) of the Act in any manner. Among other prohibited acts of retaliation, Defendants, along with their officers, agents, and managers, shall not:

a. Seek to have any employee kick back or return any compensation that is owed to that employee;

b. Accept any monies paid to any employee pursuant to this Consent Judgment;

c. Terminate or threaten to terminate the employment, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate or retaliate against an employee based on Defendants' belief that such employee has engaged in or is about to engage in any protected activity under the Act;

d. Ask any employee or former employee to disclose whether the employee or former employee has communicated or will communicate with the U.S. Department of Labor, or whether the employee or former employee has otherwise engaged in protected activity under the Act;

e. Instruct any employee or former employee not to speak to, or to provide false information to, the U.S. Department of Labor, or otherwise influence any employee or former employee with respect to their participation in any investigation conducted or legal proceeding brought by the U.S. Department of Labor; or

f. Instruct any employee, officer, or agent of the Defendants to take any action in violation of the provisions of sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act as set forth in this Paragraph 4.

II. Pursuant to the parties' agreement that unpaid overtime back wages are owed and shall be paid to the current and former employees listed on Exhibit A,[1] which is attached hereto, in the amount of **$350,000**, plus an equal amount of liquidated damages of **$350,000**, and civil money penalties pursuant to section 16(e) of the Act in the amount of **$25,000**, for a total amount of **$725,000**. It is ORDERED that:

Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$350,000** in unpaid overtime back wages owed to their employees in the amounts listed opposite their names on Exhibit A. Further, Defendants shall pay an equal

[1] The parties have stipulated to amending Exhibit A to the First Amended Complaint (ECF No. 90) as set forth in Exhibit A attached hereto, and to removing certain employees, thereby deeming the Secretary's action dismissed without prejudice as to the employees removed from Exhibit A to the First Amended Complaint.

amount of liquidated damages of **$350,000** to their employees in the amounts listed opposite their names on Exhibit A. Defendants shall also pay **$25,000** in civil money penalties to the Secretary. Defendants shall make payment in accordance with Paragraph III of this Consent Judgment below.

III. The provisions of this Consent Judgment relative to back wages, liquidated damages, and civil money penalties shall be deemed satisfied when Defendants have fully complied with the terms of payment set forth below, totaling **$725,000**. Payment of the monies owed shall be made by Defendants within thirty (30) days of entry of this consent judgment. All such payments shall be made by Defendants by taking the following steps:

(1) For payment of "Back Wages" and "Liquidated Damages," in accordance with the amounts set forth in Paragraph II, Defendants shall make payments electronically as follows:

a. Go to https://www.pay.gov/public/form/start/77689032

b. Click on the "Continue to the Form" tab under "WHD Back Wage Payment Form – Northeast Region" and complete the required fields.

c. For "BW Case Number," enter "1952009."

d. For "Date of Assessment," enter the date that this Consent Judgment is entered by the Court.

(2) For payment of the "Civil Money Penalty" in accordance with the amount set forth in Paragraph II, Defendants shall make payment electronically as follows:

a. Go to https://www.pay.gov/public/form/start/77734139

b. Click on the "Continue to the Form" tab under "WHD Civil Money Penalty Payment Form - Northeast Region" and complete the required fields.

c. For "CMP Case Number," enter "1952009."

d. For "Date of Assessment," enter the date that this Consent Judgment is entered by the Court.

IV. Defendants and anyone acting on their behalf shall not in any way, directly or indirectly, solicit or accept the return or refusal of any sums paid under this Consent Judgment. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any employees or former employees because of their receipt of funds due under the provisions of this Consent Judgment or the Act. Defendants acknowledge that any violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

V. Defendants shall provide to the Secretary the social security numbers, if such is available, and the last known addresses, telephone numbers, and email of each current or former employee listed in Exhibit A within 15 days of entry of this Consent Judgment.

VI. Within 30 days of entry of this Consent Judgment, Defendants shall provide to the Southern New Jersey District Office of the Wage and Hour Division, U.S. Department of Labor, the following, by email to District Director Charlene Rachor (rachor.charlene@dol.gov), certifications made under penalty of perjury that:

a. Defendants have implemented a timekeeping system which accurately records all time worked by non-exempt employees, have trained all exempt and non-exempt employees on this timekeeping system, and will ensure that any work for Defendants before or after non-exempt employees' scheduled shifts will be recorded in accordance with the Act and 29 C.F.R. Part 516, and will be compensated by Defendants in accordance with the Act;

b. All supervisory employees, including project coordinators, foremen, and assistant foremen, have received training regarding the overtime and recordkeeping requirements of the FLSA and training on Defendants' written policy against unauthorized overtime;

c. Defendants shall make, keep, and preserve adequate and accurate records of the hours their employees spend at 607 Cooper Road West Berlin, New Jersey 08091 (the "shop") before employees depart to the job site where they are (i) instructed to visit the shop by Defendants to be assigned into work crews and/or (ii) are loading trucks and vans with tools and materials, and shall compensate those employees for all of the time spent performing this work;

d. Defendants shall make, keep, and preserve adequate and accurate records of the hours their employees spend driving groups of laborers to and from job sites when so instructed by Defendants, and shall compensate those employees for all of the time spent performing this work;

e. Defendants shall require supervisors to permit employees access to the daily timesheets at the end of the shift to verify that the daily timesheets accurately reflect the hours that employees worked that day.

f. Defendants have posted the attached Exhibit B in English and Spanish at the shop, displayed in a conspicuous place where employees may easily view it, and shall maintain Exhibit B posted in a conspicuous place at their shop for a period of two years from the date of entry of this Consent Judgment; and

g. Defendants have distributed a copy of Exhibit B in English and Spanish to all of their current employees, and shall distribute a copy of Exhibit B in English and

Spanish to all new hires or re-hires for a period of two years from the date of entry of this Consent Judgment.

VII. If Defendants fail to make the required payments set forth in Paragraph II of this Consent Judgment, then Defendants consent to the entry of a writ of execution, consistent with the terms of this Consent Judgment and pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. Such writ of execution shall be limited to the pending remaining balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Secretary may seek such writ at any time after such failure to make payment and may represent in filing for such a writ that Defendants consent to its issuance.

VIII. The Secretary shall distribute the back wages and liquidated damages, less any legal deductions, to the former and current employees as set forth in Exhibit A, or to their estates if that be necessary, in the Secretary's sole discretion. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt, because of an inability to locate the proper persons or because of a person's refusal to accept payment, shall, pursuant to section 16(c) of the Act, be deposited into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

IX. Defendants shall display in conspicuous places at their establishments for their employees' viewing the poster "Employee Rights Under the Fair Labor Standards Act" issued by the U.S. Department of Labor. Defendants shall maintain these postings permanently.

X. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees

not listed on Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act. Additionally, neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees, be they current or former employees, to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after December 31, 2025.

XI. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XII. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

**SO ORDERED.**

DATED: June 26, 2026
Camden, New Jersey

HON. KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel, are represented by counsel, and hereby consent to the entry of this Consent Judgment.

BY: ______________________
**RONALD H. BIGLIN, JR.**

DATE: 5/6/26

**P & B PARTITIONS, INC.**

BY: ______________________ DATE: 5/6/26

RONALD H. BIGLIN, JR.
Owner

STATE OF )
:SS:
COUNTY OF )

On the 6th day of May, 2026 before me came RONALD H. BIGLIN, JR., known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of P & B PARTITIONS, INC., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

NOTARY PUBLIC

NATASHA E. SUTOR
NOTARY PUBLIC, STATE OF NEW JERSEY
MY COMMISSION EXPIRES 04/30/2028

# EXHIBIT A

## Employees Due Back Wages and Liquidated Damages

| | Name | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|
| 1 | Abraham Martinez | $1,473.78 | $1,473.78 | $2,947.55 |
| 2 | Adolfo Gonzalez | $9,928.60 | $9,928.60 | $19,857.20 |
| 3 | Ana Valles Fuentes | $6,862.14 | $6,862.14 | $13,724.28 |
| 4 | Anselmo Martinez | $20,181.88 | $20,181.88 | $40,363.75 |
| 5 | Arely Barias | $1,272.94 | $1,272.94 | $2,545.89 |
| 6 | Diego A. Tarira Mayor | $3,488.95 | $3,488.95 | $6,977.90 |
| 7 | Edgar Morquecho Vargas | $28,939.39 | $28,939.39 | $57,878.78 |
| 8 | Francisco Monterroza | $22,582.16 | $22,582.16 | $45,164.33 |
| 9 | Glenda Ramirez | $8,285.36 | $8,285.36 | $16,570.73 |
| 10 | Gregorio Ortiz | $9,528.55 | $9,528.55 | $19,057.09 |
| 11 | Guillermo Hernandez | $423.31 | $423.31 | $846.62 |
| 12 | Gustavo Perez Jr. | $5,701.39 | $5,701.39 | $11,402.79 |
| 13 | Ignacio Gonzalez | $8,981.56 | $8,981.56 | $17,963.13 |
| 14 | Irenia Reyes | $675.74 | $675.74 | $1,351.47 |
| 15 | Isamar Herrera | $611.50 | $611.50 | $1,223.01 |
| 16 | Javier Dominguez | $4,236.39 | $4,236.39 | $8,472.77 |
| 17 | Jennyfer Hernandez | $1,662.83 | $1,662.83 | $3,325.65 |
| 18 | John C. Urban 4th | $20,341.06 | $20,341.06 | $40,682.12 |
| 19 | Jorge Llanas | $4,759.15 | $4,759.15 | $9,518.31 |
| 20 | Jose Alvarenga | $23,852.65 | $23,852.65 | $47,705.30 |
| 21 | Jose Arturo Hernandez | $11,392.86 | $11,392.86 | $22,785.71 |
| 22 | Jose Calderon | $9,328.06 | $9,328.06 | $18,656.11 |
| 23 | Juan Cruz | $5,721.46 | $5,721.46 | $11,442.93 |
| 24 | Julio Dominguez | $3,376.07 | $3,376.07 | $6,752.13 |
| 25 | Justin Graham | $10,670.42 | $10,670.42 | $21,340.84 |
| 26 | Katherine Perez | $3,309.21 | $3,309.21 | $6,618.43 |
| 27 | Kevin P. Madden | $15,314.50 | $15,314.50 | $30,629.00 |
| 28 | Leslie Calderon | $2,158.74 | $2,158.74 | $4,317.49 |
| 29 | Leslie Flores | $2,793.52 | $2,793.52 | $5,587.05 |
| 30 | Lucia Santos | $2,544.89 | $2,544.89 | $5,089.79 |
| 31 | Luis Borja Garcia | $10,014.77 | $10,014.77 | $20,029.54 |
| 32 | Marcos A. Sanchez | $5,079.99 | $5,079.99 | $10,159.98 |
| 33 | Maria T. Guillen Lopez | $4,316.25 | $4,316.25 | $8,632.51 |
| 34 | Mirna E. Guardado | $2,025.59 | $2,025.59 | $4,051.17 |
| 35 | Nancy Flores Salgado | $2,220.80 | $2,220.80 | $4,441.60 |
| 36 | Nohemi Sanchez | $4,324.20 | $4,324.20 | $8,648.40 |
| 37 | Norma Abrego | $1,921.37 | $1,921.37 | $3,842.73 |
| 38 | Oscar Espinoza | $3,085.91 | $3,085.91 | $6,171.83 |
| 39 | Osmar Rojas | $19,440.72 | $19,440.72 | $38,881.44 |

| | Name | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|
| 40 | Raymond G. Morgan III | $5,006.70 | $5,006.70 | $10,013.40 |
| 41 | Rene Canales | $1,859.00 | $1,859.00 | $3,718.00 |
| 42 | Rodolfo Castillo | $9,060.27 | $9,060.27 | $18,120.54 |
| 43 | Rogelio Sandoval | $9,128.59 | $9,128.59 | $18,257.19 |
| 44 | Ronald A. Castillo Solano | $4,136.38 | $4,136.38 | $8,272.76 |
| 45 | Ruth Guevara | $6,571.47 | $6,571.47 | $13,142.95 |
| 46 | Santos Funes | $7,401.11 | $7,401.11 | $14,802.21 |
| 47 | Tiffany Sanchez | $2,403.96 | $2,403.96 | $4,807.92 |
| 48 | Yoselin Gutierrez | $1,603.85 | $1,603.85 | $3,207.70 |

**EXHIBIT B**

**Notice to Employees (English)**

Your employer has settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement, which has been approved by a judge. The agreement requires your employer to pay money to some of you who worked for P & B Partitions, Inc., from July 28, 2019, through December 31, 2025. The money will be distributed directly by the U.S. Department of Labor. Please call the U.S. Department of Labor at (609) 538-8310 to update your contact information.

If you receive money from the settlement, you are entitled to keep this money. It is against the law for Ronald H. Biglin, Jr., or any person acting on behalf of P & B Partitions, Inc. to ask for this money back or to take it out of your pay.

It is also against the law for your employer to fire, threaten to fire or call law enforcement, reduce your hours, or discriminate against you in any other way for accepting settlement money, providing information to the U.S. Department of Labor, and/or complaining about not receiving overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of 1.5 times the employee's regular rate of pay.

Your employer must provide you with a statement of every payment of wages listing the dates of work covered by that payment of wages; rate or rates of pay; gross wages; deductions; and net wages. The statement must include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the accurate number of regular hours worked; and the accurate number of overtime hours worked, for those employees not exempt from receiving overtime compensation.

If you have not been paid for all of your hours worked, or if you have been asked to return your settlement money, or if you have been retaliated against, please call the U.S. Department of Labor at (609) 538-8310. Your name will be kept confidential to the extent permitted by law.

**Aviso a los Empleados (Spanish)**

Su empleador resolvió una demanda con el Departamento de Trabajo de los Estados Unidos y firmó un acuerdo de liquidación que ha sido aprobado por un juez. El acuerdo requiere que su empleador pague dinero a algunos de ustedes que trabajaron para P & B Partitions, Inc. desde el 28 de julio de 2019 hasta el 31 de diciembre de 2025. El dinero será distribuido directamente por el Departamento de Trabajo de los Estados Unidos. Por favor contacte al Departamento de Trabajo de los Estados Unidos al (609) 538-8310 para confirmar sus datos de contacto.

Si usted es uno de los beneficiados, el dinero que reciba es únicamente suyo. Es contra la ley que Ronald H. Biglin, Jr., o cualquier persona que actúe en nombre de P & B Partitions, Inc., soliciten la devolución el dinero o que se lo reduzcan de su pago.

También es contra la ley que su empleador lo despida, amenace con despedirlo, o que llamen a las autoridades policiales, reduzca sus horas de trabajo, o que te discrimine de cualquier otra manera por aceptar el dinero del acuerdo, por proporcionar información al Departamento de Trabajo de los Estados Unidos, y/o por quejarse por no recibir el pago correspondiente de sobretiempo por sus horas trabajadas. Su empleador debe pagar a sus empleados por todas las horas trabajadas, incluyendo pago adicional equivalente a tiempo y medio por horas extras trabajadas sobre 40 en una semana laboral.

Su empleador debe proporcionarle un registro o talonario de pago especificando las fechas de trabajo a cual el pago corresponde; la cantidad de pago por hora; salarios brutos; descuentos; y salarios netos. El registro o talonario de pago debe incluir la cantidad recibida por horas regulares o tarifas distintas de pago; el pago por horas extras y tarifas de pagos; el número exacto de horas regulares trabajadas; y el número exacto de horas extras trabajadas, por aquellos empleados no exentos de recibir compensación por horas extras.

Si no se le ha pagado por todas sus horas trabajadas, o si se le ha pedido que devuelva el dinero de su liquidación, o si se le ha tomado algún tipo de represalia, por favor comuníquese de inmediato con el Departamento de Trabajo de los Estados Unidos llamando al (609) 538-8310. Su identidad se mantendrá confidencial en la medida permitida por la ley.